Eastern District of Kentucky
**F I L E D**

JUN 20 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-382-GWU

JAMES E. EVERSOLE,                                             PLAINTIFF,

VS:                              MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT,

## INTRODUCTION

James Eversole brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
5.     Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Eversole, a 48 year-old former coal mine foreman and laborer with a high school education, suffered from impairments related to a history of disc bulging at L4-L5 and spondylolysis at L5, degenerative disc disease with disc bulging at L4-L5, being status post fusion at L5-S1, and a history of hypertension. (Tr. 236, 240). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 243). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 243). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 242).

Eversole alleged a disability onset date of April 24, 2000 on his DIB application. (Tr. 300). The plaintiff had been denied DIB on two earlier applications, the last of which became final on August 27, 2002. (Tr. 235). These earlier denial decisions were not reopened by the current ALJ. (Tr. 235).

5

Therefore, the time period relevant to this appeal runs from August 28, 2002, the day after the most recent denial decision, through the July 5, 2004 date of the current denial decision.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Susan Kehoe included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) a need for a sit/stand-at-will option with an inability to sit for more than a maximum of four hours during the course of an eight-hour day; (2) an inability to more than occasionally stoop, bend, crouch, crawl, kneel or climb stairs; (2) an inability to ever climb ladders, ropes or scaffolds; and (3) a need to avoid work requiring exposure to heights and being around dangerous or moving machinery. (Tr. 573). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 573-574). Therefore, assuming that the vocational factors considered by Kehoe fairly characterized Eversole's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Eversole was found capable of performing a restricted range of light level work in the administrative decision which became final on August 27, 2002. (Tr. 12-21). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).

6

Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of light level work is in accord with these directives.

During the time period relevant to this appeal, Dr. Steven Kiefer, a treating source, indicated that Eversole could not perform heavy work or jobs requiring protracted sitting and standing. (Tr. 472). The ALJ's findings would appear compatible with this opinion.[1]  The doctor noted that a recent lumbar Ct Scan revealed good positioning of his surgical screws.    (Tr. 472).    Physical examination revealed that strength was intact and that straight leg raising was within normal limits.    (Tr. 473).    The ALJ's findings were also essentially consistent with the opinion of Dr. Calixto Hernandez, a non-examining medical reviewer.  (Tr. 490-498).  These reports provide substantial evidence to support the administrative decision.

Dr. Ray Hays of the East Bernstadt Medical Clinic (Tr. 540-542) and Dr. Douglas Kennedy of Pain Management Associates (Tr. 543-545) each identified extremely severe physical limitations.    Dr. Hays specifically stated that the limitations were based upon the patient's own report rather than his objective findings and recommended that a functional capacity evaluation should be arranged. (Tr. 542). Thus, his limitations would not be binding on the ALJ. Dr. Kennedy did not cite what clinical evidence supported his even more severe

---

[1]Dr. Kiefer also suggested that filing for disability was appropriate for the plaintiff. (Tr. 472). However, this would appear to be a vocational opinion outside the doctor's expertise and the ALJ needed only to follow his specific functional limitations.

7

restrictions on his assessment form nor is such evidence included in the Pain Management Associates treatment notes. (Tr. 500-510, 516). Dr. Kennedy's opinion would still be offset by that of Dr. Kiefer. Therefore, neither of these opinions were binding on the ALJ.

Eversole asserts that the ALJ erred in failing to find that his back condition met the requirements of Section 1.04 of the Listing of Impairments concerning disorders of the spine or Section 1.03 concerning reconstructive surgery or surgical arthrodesis of a major weight bearing joint. As the plaintiff himself noted, the administrative regulations require a claimant to describe exactly how the precise Listing criteria are met. Johnson v. Secretary of Health and Human Services, 794 F.2d 1106 (6th Cir. 1986). In the present action, Eversole has only outlined the Listing requirements but has not cited any evidence from the record specifying how the Listing requirements are satisfied. The plaintiff needed to cite specific evidence showing a deterioration of his condition since the prior denial decision and has not done so. Therefore, the Court must reject the claimant's argument.

Eversole also asserts that the ALJ erred by not providing a specific rationale for rejecting his credibility. However, the ALJ cited a number of factors for this finding including diagnostic testing which revealed good positioning of his surgical hardware and his activities which including using a lawn mower, fishing, and driving long distances to visit his son. (Tr. 240-241). Therefore, the Court must reject the plaintiff's argument.

Finally, Eversole argues that the ALJ erred in determining his residual functional capacity. However, he relies heavily upon evidence from Dr. James Templin and Dr. Kiefer which was dated before the relevant time period and considered by the previous ALJ. As noted above, neither Dr. Hays nor Dr.

8

Kennedy's recent assessments were binding on the ALJ.  Therefore, the Court rejects the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___20___ day of June, 2006.

G. WIX UNTHANK
SENIOR JUDGE

9